IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ANGELA MARYELLA YEAGER**,

    **Petitioner,**

v.                                        Case No.: 2:17-cv-01167

**STATE OF TEXAS,**

    **Respondent.**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

Pending before the court are Petitioner's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (ECF No. 2). This case is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

After thorough consideration of the petition and supporting documentation, (ECF No. 3), the undersigned conclusively **FINDS** that Petitioner fails to state a valid claim under § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition for habeas relief must be dismissed when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Therefore, the undersigned respectfully **RECOMMENDS** that the presiding district judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus, **DENY** the Application to Proceed Without Prepayment of Fees and Costs, as moot, and

**DISMISS** this case from the docket of the court.

I.     **Relevant Facts**

Petitioner, Angela Maryella Yeager ("Yeager"), filed the instant petition for habeas relief on February 3, 2017. (ECF No. 2). In the petition, Yeager complains about a 2002 criminal conviction she received in Texas. (*Id.*). She also raises as grounds for habeas relief her inability to obtain transcripts from various legal proceedings in Texas and injuries received by her children while in foster care. (*Id.*).

According to Yeager, in September 2002, she was convicted in the 15th District Court, Grayson County, Texas of child endangerment and retaliation against a registered voter. Yeager was sentenced to nine months' incarceration, followed by three years of probation. She exhausted her sentence in 2005. (*Id.* at 1). Thereafter, Yeager engaged in a series of disputes with various Child Protective Service offices in Texas, which resulted in her children being placed in foster care. (ECF No. 3 at 3-5). In November 2007, Yeager's parental rights to some of her children were terminated after a proceeding in Dallas County, Texas. Her appeal of that judgment was unsuccessful. (*Id.* at 4). Yeager then became involved in an abusive marriage, and ultimately fled the relationship in 2015, taking one remaining child with her. (*Id.* at 4-5). In July 2015, that child was removed from Yeager's custody, and in December 2015, sole custody of the child was given to her husband. (*Id.*). At some point thereafter, Yeager moved to West Virginia. Yeager indicates in the petition that when she reunited with three of her children, she learned that they had been sexually and physically abused while living in foster care in Texas. (ECF No. 2 at 7). For relief, Yeager asks this court to have "all charges be pardoned and erased from all public files as if they never were and my children be returned with all monies that has been received by the state of texas for taking my children without cause." (*Id.* at 15).

## II. **Discussion**

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, when he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As is clear from this statutory language, in order for a court to have jurisdiction over a § 2254 petition, the petitioner must be "in custody" at the time the petition is filed. *Fay v. Noia*, 372 U.S. 391, 430 (1963) ("The jurisdictional prerequisite is not the judgment of a state court but detention simpliciter."); *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.") (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)). While the phrase "in custody" includes parole, probation and supervised release, once a sentence is fully discharged, the petitioner is no longer in custody for purposes of § 2254. *Id.* at 492 ("Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

Here, Yeager identified only one criminal conviction forming the basis of her petition. That conviction was imposed in 2002 and, including the term of probation, fully expired in 2005—over eleven years before she filed the instant petition for habeas relief. The other legal proceedings described by Yeager involved family law matters and did not appear to include criminal charges against her. Yeager was not "in custody" at the time she filed the petition for habeas relief, and is not currently in custody. Accordingly, this

3

court lacks jurisdiction to entertain Yeager's § 2254 petition. *See, e.g., Mainali v. Virginia*, 873 F. Supp. 2d 748, 752 (E.D. Va. 2012) ("Simply put, because the state conviction that petitioner now seeks to vacate expired in 2009, more than two years before the instant petition was filed in 2011, petitioner is unable to establish that he is 'in custody pursuant to the judgment of a State court,' as required to invoke jurisdiction under § 2254.").

To the extent Yeager intended to file a civil rights complaint for money damages under 42 U.S.C. § 1983, she has failed to name a proper party as the defendant. Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any State "law, statute, ordinance, regulation, custom, or usage." In order to assert a *prima facie* cause of action under § 1983, a plaintiff must show that: (1) a person (the defendant) deprived the plaintiff of a federally protected civil right, privilege or immunity, and (2) that the defendant did so under color of State law. *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010); *see, also, American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

In *Will v. Mich. Dept. of State Police,* the Supreme Court of the United States considered "the question whether a State, or an official of the State while acting in his or her official capacity, is a 'person' within the meaning of Rev.Stat. § 1979, 42 U.S.C. § 1983." *Id.*, 491 U.S. 58, 60 (1989). Examining the language and purpose of the statute, the Supreme Court concluded that Congress never intended to subject States to liability for deprivations of civil liberties when such suits would have otherwise been barred by the States' sovereign immunity. *Id.* at 66. In addition, since "a suit against a state official in his or her capacity is not a suit against the official but rather a suit against the official's office," the Court held that "neither a State nor its officials acting in their official capacities

4

are 'persons' under § 1983." *Id.* at 71.

Yeager names only the State of Texas as Respondent in this case. Texas is not a "person" under § 1983. Therefore, if the court were to construe Yeager's petition as a civil rights complaint, the court would have to dismiss it for failure to state a claim compensable at law.

Lastly, even assuming that Yeager could identify "persons" subject to suit under § 1983, her case likely could not be maintained in this court. In order to prosecute her claims in the United States District Court for the Southern District of West Virginia, Yeager would have to establish the court's personal jurisdiction over the defendants. All of the individuals mentioned by Yeager in her supplemental filing appear to be residents of Texas. The alleged misconduct involving those individuals occurred exclusively in Texas. Principles of constitutional due process require "that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 459 (1940). Nothing in the record suggests that any of the individuals mentioned by Yeager have sufficient contacts with the State of West Virginia to allow this court to exercise jurisdiction over them. Consequently, no purpose would be served by allowing Yeager to replace her § 2254 petition with a civil rights complaint and add the individuals identified in her supplemental filing.[1]

---

[1] In light of the other reasons supporting dismissal of this case, the undersigned will not address the timeliness of Yeager's claims, except to note that, contrary to Yeager's belief, there are statutes of limitations that would apply to her claims.

In summary, the undersigned **FINDS** that Yeager was not "in custody" at the time she filed the habeas petition and the only conviction she challenges was fully discharged more than a decade ago; therefore, the court lacks jurisdiction over Yeager's § 2254 petition. Moreover, Yeager fails to state a claim for money damages under 42 U.S.C. § 1983 and provides no basis for this court's personal jurisdiction over any prospective defendant. Thus, this civil action should be dismissed in its entirety and removed from the docket of the court.

### III. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding district judge accept and adopt the findings herein and **RECOMMENDS** that the petition be **DISMISSED**, the Application to Proceed Without Prepayment of Fees and Costs be **DENIED** as moot, and this case be **REMOVED** from the docket of the court. Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner has fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin and Magistrate Judge Eifert.

The Clerk is directed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner.

**FILED:** March 2, 2017

Cheryl A. Eifert
United States Magistrate Judge